IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **SENTERRA LIMITED, LLC,** *Plaintiff*, <br><br> v. <br><br> **RICE DRILLING D, LLC,** *et al.*, *Defendants*. | **Case No. 2:24-cv-3181** <br> **Chief Judge Sarah D. Morrison** <br> **Magistrate Judge Kimberly A. Jolson** |

**STIPULATED PROTECTIVE ORDER**

The parties to this Stipulated Protective Order (the "Protective Order") have agreed to the terms of this Order; accordingly, it is ORDERED:

**1.** **Scope**. The terms and conditions of this Protective Order shall govern all documents or information produced or adduced in the course of discovery (including, but not limited to, initial disclosures, all responses to discovery requests, and all deposition testimony and exhibits), any other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom, and any documents or materials produced by any third party in response to discovery requests or subpoena (hereinafter, collectively "documents"). As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible. The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**2.** **Form and Timing of Designation**. A party (or a non-party seeking or ordered to produce documents and who has completed the certification contained in Attachment A, Acknowledgement of Understanding and Agreement to be Bound) may designate documents as confidential and protected under this Protective Order by placing or affixing the word "CONFIDENTIAL" on the

document in a manner that will not interfere with the legibility of the document and that permits complete removal of the "CONFIDENTIAL" designation subject to a successful challenge to the designation of the new document as "CONFIDENTIAL." Documents shall be designated "CONFIDENTIAL" prior to or at the time of the production or disclosure of the documents. When electronically stored information is produced which cannot itself be marked with the designation "CONFIDENTIAL," the parties shall arrange for some other means of designating the information (*e.g.*, through inclusion of the applicable designation on corresponding slipsheets). The party receiving such electronically stored information shall then be responsible for labelling any copies that it creates thereof, whether electronic or paper, with the applicable designation. The designation "CONFIDENTIAL" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3. **Documents Which May Be Designated "CONFIDENTIAL."** Any party may designate documents as "CONFIDENTIAL" upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, trade secrets or other competitively sensitive information, personnel records, or other sensitive commercial information that is not publicly available. Public records and other information or documents that are publicly available may not be designated as "CONFIDENTIAL."

4. **Documents Tendered for Inspection**. By written stipulation, the parties may agree temporarily to designate original documents that are produced or otherwise tendered for inspection "CONFIDENTIAL," even though the original documents being produced have not themselves been so labelled. All information learned in the course of such an inspection shall be protected in accordance with the stipulated designation. The copies of documents that are selected for copying

during such an inspection shall be marked "CONFIDENTIAL," as required under this Protective Order and thereafter the copies shall be subject to protection under this Protective Order in accordance with their designation.

5. **Depositions**. Deposition testimony is deemed "CONFIDENTIAL" under this Protective Order if designated as such in writing or by designation made on the record during the deposition. Thereafter, the deposition transcripts or any portions of deposition transcripts so designated shall be protected as "CONFIDENTIAL," pending objection, under the terms of this Protective Order. The deadline for designating deposition testimony as "CONFIDENTIAL" under this Protective Order is 14 days following the deposition at which the testimony was obtained.

6. **Protection of "CONFIDENTIAL" Material**. The following protections shall apply to materials designated as "CONFIDENTIAL" under this Protective Order:

  **(A)** **General protections**. Documents designated "CONFIDENTIAL" under this Order shall not be used or disclosed by the parties, counsel for the parties, or any other persons for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

  **(B)** **Limited third-party disclosures**. The parties and counsel for the parties shall not disclose or permit the disclosure of any "CONFIDENTIAL" documents to any third party except as set forth in subparagraphs i–viii, below. Notwithstanding any other provision of this Protective Order, the following categories of persons may review documents designated "CONFIDENTIAL" under this Protective Order:

   i. <u>Counsel</u>. Counsel of record for the parties and employees or agents of such counsel who have responsibility for the preparation and trial of the action.

   ii. <u>Parties</u>. Parties and employees of a party to this Order.

   iii. <u>The Court and Court personnel</u>. The Southern District of Ohio, its staff, and others employed as personnel of the Court.

    iv.   <u>Court reporters and recorders</u>. Court reporters and recorders engaged for depositions.

    v.   <u>Witnesses and deponents</u>. Individuals who are trial witnesses or who are deposed in this action. Witnesses shall not retain a copy of any information designated "CONFIDENTIAL."

    vi.   <u>Consultants, investigators, and experts</u>. Consultants, investigators, or experts employed by the parties or counsel for the parties for the purpose of assisting in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgement of Understanding and Agreement to be Bound.

    vii.   <u>Litigation support</u>. Persons or entities retained by the party of a party's counsel of record, including but not limited to eDiscovery support vendors of copy or imaging service vendors, provided all "CONFIDENTIAL" materials in the possession of litigation support personnel are returned or destroyed in accordance with this Protective Order.

    viii.   <u>Others by consent</u>. Other persons only by written consent of the producing party or upon Court order and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgement of Understanding and Agreement to Be Bound.

**(C)** **Control of documents**. Counsel for the parties shall take reasonable measures to prevent unauthorized disclosure of documents designated as "CONFIDENTIAL" pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of 1 year after dismissal of the action, the entry of final judgment, or the conclusion of any appeals arising therefrom.

**(D)** **Copies**. Before production to another party, all copies, duplicates, extracts, summaries, electronic images, or descriptions (hereinafter "<u>copies</u>") of documents designated as "CONFIDENTIAL" under this Protective Order, or any portion of such a document, shall be affixed with the designation "CONFIDENTIAL" if this label does not already appear on the copy. All such copies shall thereafter be

entitled to the protection of this Protective Order. The term "copies" shall not include indices, electronic databases, or lists of documents provided that these do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

**7.** **Inadvertent Production**. The following provisions shall apply to documents that a party contends were inadvertently produced:

    **(A)** **Lack of Designation**. If, at any time, a party discovers it has produced or disclosed protected information without designation, it may notify the receiving party and identify the information to be designated as "CONFIDENTIAL" (the "claw-back notification"). The receiving party may then request substitute production of the newly-designated information containing the appropriate "CONFIDENTIAL" label. The producing party may also make a substitute production of the newly-designated information containing the appropriate "CONFIDENTIAL" label. Within 21 days of receiving the claw-back notification, the receiving party must (1) certify to the producing party that the receiving party has appropriately marked or, if substitute production has been made, destroyed all unmarked copies that it received or made; and (2) if the receiving party was practicably unable to mark or destroy any information because disclosure occurred while the receiving party was under no duty of confidentiality under this Protective Order regarding that information, the receiving party must reasonably provide information to aid the designating party in protecting the information, consistent with the receiving party's attorney-client, work product, or trial preparation privileges.

**(B)** **Privilege or Immunity**. This Protective Order shall be interpreted to provide the maximum possible protection allowed by Federal Rule of Evidence 502. If information or materials subject to a claim of attorney-client privilege, work product doctrine, or any other privilege or immunity from disclosure is produced without an intent to waive the claim of privilege or immunity associated with such information or materials, such production shall not prejudice or otherwise constitute a waiver of, or estoppel as to, any claims of privilege or immunity from disclosure applicable to such information or materials. If a party has produced information subject to a claim of privilege or immunity, upon written request made promptly by the producing party after the producing party discovers such inadvertent or mistaken production, the information for which a claim for inadvertent production is made, including all copies, shall be returned or destroyed within 7 days of such request. Any documents or materials that reflect the contents of the inadvertently produced information shall be destroyed by the receiving party within 7 days of such request. In addition, if the receiving party has disclosed with such privileged materials to a third party over whom it has control, the receiving party shall take reasonable steps to retrieve or cause the destruction of such materials and any notes or other documents or materials such third party created that reflect the contents of the privileged material. By complying with these obligations, the receiving party does not waive any right to challenge the assertion of privilege and to request an order of the Court denying such privilege and compelling production of the information or materials. In the event of a challenge by the receiving party to the assertion of privilege with respect to such inadvertently

produced information or materials, a receiving party shall not make use of such information or materials in any way, and shall not disclose such information to any third party, pending the Court's ruling on the challenge.

8. **Challenges to "CONFIDENTIAL" Designations**. Any "CONFIDENTIAL" designation is subject to challenge by any party. Before filing any motions or objections to a "CONFIDENTIAL" designation with the Court, the objecting party shall meet and confer in good faith with the designating party in an attempt to resolve the objection by agreement. If agreement is reached confirming or waiving the "CONFIDENTIAL" designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

9. **Filing of Documents Under Seal**. In the event a party seeks to file with the Court any confidential information subject to protection under this Order, that party must take appropriate action to ensure that the document receives proper protection from public disclosure, including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c) when the preceding measures are inadequate, seeking permission to file the document under seal by filing a motion for leave to file under seal. Any motion to file a document subject to this Order under seal must meet the Sixth Circuit's standard set forth in *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016). The burden of demonstrating the need for and appropriateness of a sealing order is borne by the moving party, and requires the moving party to analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations. Regardless of whether the parties agree, it remains the Court's independent obligation to determine whether a

seal is appropriate for any given document or portion thereof.  Any proposed sealing, even when compelling reasons exist, must be narrowly tailored to serve the compelling reasons.  When a party to this Order seeks to file documents which it believes may warrant sealing, but is not the party who may be prejudiced by the document or documents becoming part of the public record, the filing party shall provide the potentially-prejudiced party or parties, or any potentially-prejudiced third party or parties, with written notification of its intent to file such documents at least (14) fourteen days before doing so.  After being provided such notice, the potentially harmed party or parties will then have (7) seven days to file with the Court a motion for sealing. The Court will rule on the motion as promptly as possible

**10.**     **Action by the Court**. Applications to the Court for an order relating to any documents designated "CONFIDENTIAL" shall be by motion under Local Rule 7.1 and any other procedures set forth in the presiding judge's standing orders or other relevant orders.  Nothing in this Protective Order or any action or agreement of a party under this Protective Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

**11.**     **Obligations on Conclusion of Litigation**.  The following provisions govern following the conclusion of this litigation:

    **(A)**     **Order Remains in Effect**. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

    **(B)**     **Return of "CONFIDENTIAL" Documents**. Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents treated as "CONFIDENTIAL" under this Order, including any copies, shall be returned to the

8

      producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index which refers or relates to information designated "CONFIDENTIAL," so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents, and this work product shall continue to be "CONFIDENTIAL" under this Order, and an attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use "CONFIDENTIAL" documents; (2) deposition transcripts and exhibits; (3) trial transcripts and exhibits; and (4) any copies of any pleadings.

    **(C)**    **Return of Documents Filed Under Seal**. After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties, or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

**12.**   **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under Local Rule 7.1 and the presiding judge's standing orders or other relevant orders.

**13.**   **No Prior Judicial Determination**. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be

construed or presented as a judicial determination that any documents or information designated "CONFIDENTIAL" by counsel or the parties is subject to protection under Federal Rule of Civil Procedure 26 or otherwise until such time as the Court may rule on a specific document or issue.

14. **Persons Bound**. This Protective Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

      Respectfully submitted,

      */s/ Matthew W. Onest*
      Matthew W. Onest (OH #87907)
      *Krugliak, Wilkins, Griffiths & Dougherty Co. LPA*
      6714 Tippecanoe Road, 2C
      Canfield, OH 44406
      330.286.7065
      monest@kwgd.com

      *Counsel for Senterra Limited, LLC*

      */s/ John Kevin West*
      John Kevin West (OH #91520)
      John C. Ferrell (OH #97727)
      *Steptoe & Johnson PLLC*
      41 South High Street, Suite 2200
      Columbus, OH 43215
      614.458.9889
      kevin.west@steptoe-johnson.com
      john.ferrell@steptoe-johnson.com

      *Counsel for Rice Drilling D, LLC, EQT Production Company and Gulfport Energy Corporation*

IT IS ORDERED.

Date: April 7, 2025       */s/ Kimberly A. Jolson*
      KIMBERLY A. JOLSON
      UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **SENTERRA LIMITED, LLC,** *Plaintiff*, <br><br> v. <br><br> **RICE DRILLING D, LLC,** *et al.*, *Defendants*. | **Case No. 2:24-cv-3181** <br> **Chief Judge Sarah D. Morrison** <br> **Magistrate Judge Kimberly A. Jolson** |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned has read the Protective Order dated in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of Ohio in matters relating to the Protective Order and understands that the terms of the Protective Order require the use of documents designated "CONFIDENTIAL" in accordance with the Protective Order solely for the purposes of the above-captioned action, and requires the undersigned to not disclose any such documents or information derived directly therefrom to any other person, firm or concern. The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

Date: _____

Signature: _____